[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
The court finds plaintiff mother to be the more credible witness and her witnesses to be the more persuasive.
Having reviewed the evidence and the sworn financial affidavits of each of the parties in the context of the required considerations set forth in Title 46b, Chapter 815j of the Connecticut General Statutes, a finding shall enter that the marriage has broken down irretrievably, a decree of dissolution shall enter, and the following orders shall apply thereto:
1. CUSTODY:
 Joint custody of the minor children with principle place of residence to the plaintiff mother.
2. FATHER'S ACCESS SCHEDULE:
 A. Every second and fourth weekend of the month, one weekend the children shall visit in Washington, D.C., the other weekend visitation shall take place at the Ramada Inn in East Hartford, CT.;
 B. The mother shall make the children available to the father at the Ramada Inn at 9:00 a.m. Saturday morning, however, should the father be available on Friday evening between 5:00 p.m. and 8:30 p.m., the children shall be made available to him at such time he is available (with notice requirement as articulated in paragraph eight (8) herein).
 i. If the children have an activity that continues past 9:00 a.m. on Saturday, the father shall access both children at the site of the activity, when the activity has been completed.
 ii. If the children have activities during the father's weekend visitation in Connecticut, he shall be responsible for assuring the children's participation. CT Page 5531
 C. The mother shall access the children on Sunday evening at 6:30 p.m. when the children have school on Monday, and 8 p.m. when they do not have school on Monday.
 D. Should the Monday after the father's visitation be a School Holiday that is always celebrated on Monday, the father's visitation shall be extended to Monday at 6:30 p.m. This does not apply to summer vacation.
 E. When the father has visitation in Washington, D.C., he shall book and pay for the children's flights so they leave between 6:00 p.m. and 8:30 p.m. if they are to arrive on Friday and leave Connecticut no earlier than 8:30 a.m. Saturday morning if they are to arrive on Saturday. They shall return to Connecticut on a flight leaving Washington no later than 5:00 p.m. on Sunday or Monday evening. The father shall arrange and pay for minor children's Unaccompanied Escort Service.
 i. The father shall make the children's travel plans and tickets available to the mother no later than seven (7) days before they are scheduled to depart. If E-tickets are purchased, the father shall provide written confirmation of the tickets and escort service.
 ii. If a flight is canceled which was booked for Friday night, the children shall leave Saturday morning not before 8:30 a.m., if a Saturday morning flight is canceled, the father shall forfeit his visitation, unless the children can leave Bradley before noon on Saturday. If their return flight is canceled, they shall be booked the next morning on the earliest flight after 8:30 a.m. The parent with custody of the children shall notify the other parent immediately upon learning of the flight cancellation.
3. TELEPHONE ACCESS:
 a. The father may call the children three times weekly between 5:00 p.m. and 8:00 p.m., if the call CT Page 5532 is not made within this time period, the mother has no obligation to make the children available. The mother shall have the same telephone contact when the children are with father for other than weekend visitation.
4. HOLIDAYS AND SCHOOL VACATIONS:
 a. The parties shall alternate the children's winter and spring vacations:
i. Winter 2000 to the father;
ii. Spring 2000 to the mother.
 b. For both winter and spring vacations each parent shall have the children the weekend before and after the vacation.
 c. The weekend rotation shall resume with the father's next scheduled weekend.
 d. The Christmas Holiday and School Vacation shall be alternated annually, the parent having the children for the Holiday shall have the children from the day after their last day of school until the day before the children are to return to school. Mother shall have the children Christmas, 1999.
 i. This arrangement shall supersede the weekend schedule and the father's weekend visitation shall commence with the next regularly scheduled weekend visitation.
 e. The parents shall alternate the Thanksgiving Holiday annually. The Holiday shall be considered the day of Thanksgiving and the Friday after. The Thanksgiving Holiday shall not interfere with the weekend visitation schedule. Father shall have Thanksgiving 1999. When father has the holiday he shall access the children Wednesday evening, as if Friday.
 f. Mother's Day and Father's Day: The children shall be with the appropriate parent for the weekend. If this causes either parent to lose a CT Page 5533 weekend with the children, the parent losing the weekend shall have the children the very next weekend as make-up. If the parent is unable to have the children the very next weekend, the weekend shall be forfeited.
 g. Easter and Coptic Easter shall be enjoyed within the usual weekend rotation.
 h. The father shall always have the children in Connecticut from January 6th at 6:00 p.m. until January 7th at 6:00 p.m. for Coptic Christmas.
5. SUMMER VACATION:
 a. Father shall have one three week period with the children during their school summer vacation.
 b. The mother shall visit with the children in Washington, D.C., when they are with the father, for one weekend day, as close to the middle of his vacation as possible, from 9:00 a.m. until 8:00 p.m.
 c. The father shall visit with the children in Connecticut, when they are with the mother, for one weekend, as close to the middle as possible, from Saturday at 9:00 a.m. until Sunday at 4:00 p.m.
 d. The regular weekend visitation shall commence with the father's next regularly scheduled weekend after school reconvenes.
6. OTHER TERMS OF VISITATION:
 a. Failure of either parent to comply with the terms of this Agreement shall result in a loss to the parent who did not comply.
 b. The terms of this Agreement does not allow for changes, substitutions, alternatives or make-up time, unless mutually agreed upon by the parties, or specifically articulated herein. The refusal of one party to agree shall be deemed dispositive of the issue, and the term as set-forth in the Agreement shall apply, absolutely.
CT Page 5534
7. NOTICE REQUIREMENTS:
 a. All notice requirements shall be in writing, faxed to the Attorney for the Minor Children on or before the due date;
 b. The father shall notify the mother as to which weekend shall be in Washington, D.C. and which weekend shall be in Connecticut 30 days before the first day of each month. Example: He shall notify the mother on or before December 1, 1999 where visitation shall take place the month of January 2000.
 c. The father shall notify the mother ten (10) days in advance as to whether he plans to access the children on Friday evening or Saturday morning; and fourteen (14) days in advance if he plans to remain with the children through a Monday, when available.
 d. The mother shall notify the father ten (10) days in advance of any activities scheduled for the children during father's Connecticut visitation.
 e. The parents shall notify the other on or before May 30th of any summer vacation plans which shall involve travel by the children of more than two (2) days away from the parent's home. They shall provide the parent with a detailed itinerary ten (10) days prior to the departure.
 f. The father shall notify the mother of any special needs the children require ten (10) days before his visitation is to begin.
 g. The parents shall notify each other of their summer weekend visitation by May 1st. The parent who has the children for their half of the summer shall have priority over the schedule, so that their out of town travel shall be given preference over the other parent's weekend visit.
 h. The mother shall be responsible for providing the children with clothing for visits and vacations; birthday presents, sports clothing and equipment etc. required by the children during CT Page 5535 father's visitation.
 i. Failure by either parent to comply with the terms of this Agreement shall cause the parent to forfeit whatever right or access their noncompliance effects. Example: If father fails to notify mother with then (10) days of his intention to access the children on Friday, the visitation shall begin on Saturday, whether the children are to be in Connecticut or Washington, D.C. If the mother fails to provide father with notice of the children's weekend activities within ten (10) days of the father's weekend, he shall have no obligation to assure the children's participation in the activity.
 j. Neither parent shall use the children to communicate any detail regarding the access schedule, child support or other issues between the parents.
 k. The parents shall be solely responsible for the children's care while in their care and custody. The parents shall notify the other on or before May 30th of the children's summer activities and/or day care arrangements.
8. ATTORNEY FOR MINOR CHILDREN:
 a. The parents are encouraged to exchange the required information directly to each other, in writing, via fax. Should there be a controversy, the parents shall submit the issue to the Attorney for the minor children for binding arbitration.
 b. The parents' shall share equally the cost of the Attorney.
9. ALIMONY:
 a. Alimony payable by plaintiff wife to defendant husband in the sum of $2500 per month for a period of four years until the first of the following occurrences:
a. The death of either wife or husband CT Page 5536
 b. Husband's remarriage or husband's cohabitation in accordance with § 46b-86 (b).
 b. Both the amount and duration of the alimony are otherwise non-modifiable.
10. CHILD SUPPORT:
 In accordance with the Connecticut Child Support Guidelines, father shall pay child support to mother in the amount of $148 per week throughout the year.
11. REAL ESTATE:
 a. Plaintiff wife shall quitclaim her interest in the McLean, Virginia condominium to defendant husband, together with all the contents therein.
 b. Defendant husband shall quitclaim his interest in the family home at 140 Vernon Road, Bolton, Connecticut to plaintiff wife, together with all the contents therein.
 c. Plaintiff wife shall retain her interest in 504 Middle Turnpike, Storrs, Connecticut and all the contents therein.
 d. In each instance the party enjoying ownership of the property shall assume the mortgage encumbering the property, hold the other harmless for it and all other expenses relating to the property.
 e. Plaintiff wife shall pay defendant husband $15000 in cash on or before June 1, 2000.
12. SAVINGS, STOCK, PENSIONS, OTHER:
 a. Each party shall retain their own savings and stock holdings.
 b. Plaintiff wife, by means of a QUADRO, will transfer 20% of her two pension plans to defendant husband.
CT Page 5537 c. Plaintiff wife will retain her interest in Pathology Associates of Windham, P.C.
13. MEDICAL INSURANCE:
 a. Defendant husband shall continue to provide Blue Cross medical insurance for the benefit of the minor children.
 b. Unreimbursed medical, dental, orthodontic, optometric, ophthalmic, psychatric, psychologial, counseling and all other medical services will be paid 75% by plaintiff mother, 26% by defendant father.
 c. Defendant husband will provide COBRA coverage for plaintiff wife. Wife will pay the premiums therefore for three years.
14. LIFE INSURANCE:
 a. Both plaintiff wife and defendant husband are to provide $250,000 of existing life insurance on their lives for the benefit of surviving spouse who shall be irrevocable beneficiary thereof until children reach age of 18.
 b. If either party dies without collecting a minimum of $250,000 on the deceased's life, the survivor shall have a preferred debt claim agalnst the estate of the deceased for the balance due, as well as the reasonable costs, including attorney's fees, expended to establish such claim.
c. Yearly verification of coverage to be provided.
15. AUTOMOBILES, ETC.
 Plaintiff wife will transfer any interest she has in the following to defendant husband:
 1990 BMW 325 IX 1990 BMW 3251 Convertible 1976 BMW 2002 1983 BMW Motorcycle
CT Page 5538
 Defendant husband will assume all car loans, taxes and other costs thereof, saving plaintiff wife harmless.
 Plaintiff wife will retain title to the 1995 BMW 525 and assume the car loan, taxes, etc., thereon.
16. INCOME TAXES:
 a. Plaintiff wife to have the dependancy exemptions for the children.
 b. Section 46b-84 (d) of the Connecticut General Statutes shall apply.
 c. Defendant father shall hold plaintiff mother harmless from any and all federal and state taxes, penalties and interest thereon, incurred by her as a result of inaccuracies found in the income or deductions listed for him on joint tax returns during their marriage.
17. DEBTS, BILLS:
 a. Each are responsible for the debts listed on their own financial affidavit.
 b. Plaintiff wife will pay the bills required pursuant to May 5, 1997 Order provided defendant husband submits same by May 20, 2000. Court to retain continuing jurisdiction, but May 5, 1997 order hereby expires.
___________________, JTR Steinberg